IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SANTILLANES CEJA,<br><br>Defendant. | CR 19-141-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Christopher Ceja's Motion to Dismiss Indictment with Prejudice for Violation of the Speedy Trial Act. (Doc. 65). Ceja calculates that more than 70 nonexcludable days have passed since he was arraigned on the matter, violating the Speedy Trial Act, 18 U.S.C. §3161. (Doc. 66 at 1). Ceja's calculation is incorrect, and the Court denies the motion for the reasons stated below.

I.   **Legal Background**

The Speedy Trial Act, 18 U.S.C. §3161, *et seq.*, provides, in relevant part, that a criminal defendant must be brought to trial within 70 days after the indictment is unsealed or the defendant is arraigned, whichever is later. 18 U.S.C. §3161(c)(1). Some periods of delay toll the 70-day clock, referred to as excludable

1

periods. 18 U.S.C. §3161(h). Proceedings concerning the defendant toll the countdown, including delay resulting from a pretrial motion, from the filing of the motion through the conclusion of the hearing on the motion (if necessary and applicable). 18 U.S.C. §3161(h)(1)(D). Additionally, up to 30 days are excluded while the Court considers the motion, beginning after the conclusion of the hearing or after all filings on the motion are received, if there is no hearing. 18 U.S.C. §3161(h)(1)(H).

In determining what periods within this framework are considered excludable, several cases illustrate and illuminate the proper calculation. First, all pretrial motions, regardless of whether the motion has any impact on the trial date, automatically stop the clock. *Tinklenburg v. United States*, 563 U.S. 647, 653 (2011). Delay between filing the motion and the hearing is automatically excludable, even if the interim delay is not reasonable, meaning that continuations of the hearing date are not included in the calculation. *Henderson v. United States*, 476 U.S. 321, 329-30 (1986).

If a pretrial motion requires a hearing, the following periods are excluded: (1) date of filing to the conclusion of the hearing; (2) conclusion of hearing until the date additional submissions are received, if applicable; and (3) the period from the last day of the period described above until the court rules, but no more than 30 days. *United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008). *Medina*

2

includes two exceptions. If a motion is continued until after the trial, the court may not exclude that time. *Id.* at 979. Discovery motions to compel that do not require the court's ruling unless and until the dispute actually arises likewise do not stop the clock. *Id.* The day a party files a motion is excluded as is the day the court issues the order. *Id.* at 985; *see also United States v. Yanis*, 723 F.2d 795 (11th Cir. 1984).

## II. Procedural Timeline

On November 26, 2019, Defendant was arraigned on one count of conspiracy to possess methamphetamine with intent to distribute and one count of possession of methamphetamine with intent to distribute. (Doc. 10.) The speedy trial clock began the next day, November 27, 2019. On December 13, 2019 Defendant's attorney filed a motion to withdraw, pausing the clock. (Doc. 18). Sixteen (16) days elapsed. The Court granted the motion that same day and the clock began again on December 14, 2019. (Doc. 19).

On December 16, 2019 Defendant's new attorney filed a motion to withdraw, pausing the count. (Doc. 20). Two (2) days elapsed. The Court granted the motion the next day, and the clock began once again on December 18, 2019. (Doc. 21).

On December 23, 2019 Defendant filed a motion to continue the trial and the clock paused. (Doc. 22). Five (5) days elapsed. The Court granted the motion on

December 24, 2019 and made a finding that, for the purposes of the Speedy Trial Act, the days between the original trial date, January 27, 2020 and the re-set trial date, March 30, 2020 were excludable. (Doc. 24 at 2).

On December 31, 2019 Defendant's attorney filed another motion to withdraw and the clock paused. (Doc. 25). Six (6) days elapsed prior to this pause. The Court granted the motion on January 3, 2020 and the clock began the next day. (Doc. 26). From there, the countdown continued until stopping on January 26, 2020, the day before the original trial date of January 27, 2020, per the Court's previous order. Twenty-three (23) days elapsed and the calculation stopped until March 30, 2020.

On February 7, 2020 Defendant filed another motion to continue and the Court granted the motion on February 10, 2020. (Doc. 27 and 28). The Court once again excluded the time between the trial date on March 30, 2020 and the re-set date of June 1, 2020. (Doc. 28 at 2). No includable time elapsed during this period. On April 6, 2020 Defendant moved for another continuation of the trial date, which the Court then granted, resetting the trial for August 3, 2020. (Doc. 29 and 30 at 2). Again, the Court excluded the time between the former trial date and the new date and therefore no includable time passed during this period. (Doc. 30 at 2).

4

On June 15, 2020 Defendant filed a motion to suppress. (Doc. 31). Defendant requested a hearing and the Court set the hearing for August 14, 2020 and vacated the trial date. (Doc. 31 at 1 and 35 at 1). Pursuant to *Henderson*, all time from the filing date until the hearing is excluded from speedy trial calculation. After several continuances of the suppression hearing, the hearing ultimately occurred on October 15, 2020 (Doc. 37, 38, 49, 50, 56, 58, and 62). In accordance with 18 U.S.C. §3161(h)(1)(H) up to thirty (30) days were additionally excludable. On November 15, 2020 the clock began running again. The Court issued its order denying Defendant's motion to suppress on December 2, 2020. (Doc. 63). Seventeen (17) days elapsed. On the same day, the Court re-set Defendant's trial for February 8, 2021 and excluded the days between the date of the order and the re-set trial date. (Doc. 64 at 1-2).

### III. Analysis

Defendant argues that more than 70 includable days have elapsed and therefore the indictment must be dismissed. (Doc. 66). Defendant improperly calculated the included dates. Any motion automatically pauses the count until it is disposed of. *Tinklenburg*, 563 U.S. at 653. Accordingly, includable periods of 16 days, 2 days, 5 days, 6 days, 23 days, and 17 days count toward the total. The sum of these periods is 69 days, just under the allowable 70 days under the Speedy Trial Act. While Defendant argues that he is prejudiced by periods of delay owing

to several continuations of the suppression hearing, *Henderson* makes clear that such periods of delay, even if unreasonable or prejudicial, do not court toward calculation under the Speedy Trial Act. 476 U.S. at 329-30.

IV. **Conclusion**

For the reasons discussed above, Ceja's Motion to Dismiss (Doc. 65) is DENIED.

DATED this 21st day of January 2021.

SUSAN P. WATTERS
United States District Judge